CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 0 5 2012

JULIA C. DUDLEY, CLERK
BY: /s/ BWubs
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HEATH W. BRILEY, | ) | CASE NO. 7:12CV00383 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| WARDEN HOLLOWAY, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Heath W. Briley, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials have failed to provide him with properly fitting shoes, in violation of his constitutional rights. Upon review of the record, the court summarily dismisses the action under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

I

Briley alleges the following sequence of events related to his claims. Briley wears Size 18 shoes. When Virginia Department of Corrections ("VDOC") transferred Briley to Wallens Ridge State Prison in August 2011, the intake officer had no Size 18 shoes available. The officer issued Briley shoes that were much too small so Briley had something to wear until he was transferred to the general population and could talk to his building supervisor about ordering proper shoes. In September 2011, when officials placed Briley in population, they again issued shoes that were too small and left Briley's feet exposed to gravel, bare concrete, and the elements. On October 21, 2011, Lt. Hamilton brought Briley a pair of larger shoes, still too small for Briley's feet, and told Briley that Laundry Manager Bishop was placing an order for Size 18 shoes.

In January 2012, Briley informed Hamilton that the shoes provided in October had holes in the soles. Hamilton had Bishop verify that he had ordered shoes for Briley. When Briley complained to Warden Holloway in March 2012, Bishop told Holloway that he had ordered Briley's shoes. Briley began filing grievances about his shoes in April 2012. Bishop gave him another pair of too small shoes to wear until the ordered shoes arrived. In July 2012, these ill-fitting shoes became unwearable. Bishop checked on Briley's order status and reported that the purchasing agent was on vacation. On July 31, 2012, Bishop discovered that the vendor VDOC officials used for prisoner shoes did not carry Size 18, and they needed time to find another vendor.

Briley asserts that these events demonstrate that Wallens Ridge officers never ordered him properly fitting shoes and lied about having done so. He alleges that being forced to walk around the prison in his too-small shoes has caused him to suffer "foot pains, abrasions, blisters, toe rot, and foot fungi." (Compl. 5.) Briley sues Bishop, a John Doe officer who held that Briley's grievance about the shoes was "unfounded", and Warden Holloway. As relief in this action, Briley seeks monetary damages and injunctive relief ordering officials to provide him proper shoes.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a

cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). To prove a constitutional claim related to an unsafe jail condition, Briley must show that the defendant prison officials acted with deliberate indifference–that they knew, subjectively, the condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994). Briley must also show that he has sustained a serious or significant mental or physical injury as a result of the challenged condition, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or that his "continued, unwilling exposure to the challenged condition[ ] creates a substantial risk of such harm, see Helling v. McKinney, 509 U.S. 25, 31 (1993).

Briley fails to make either of the required showings. First, Briley's account shows that Wallens Ridge officials did not ignore his shoe problem. Briley alleges no facts suggesting that Bishop failed to order Size 18 shoes for Briley from VDOC officials, as Bishop repeatedly said he did. When questioned by other officers, Bishop checked on and reported the status of the shoe order. Bishop and other officers provided Briley with the biggest shoes available to them, on two different occasions, so that he had something to wear while the order for shoes in his unusual size was processed. Second, Briley states no facts showing that the defendant officers knew being forced to wear ill-fitting shoes posed an unreasonable risk that Briley would suffer serious or significant harm as a result. Even after a year with improper shoes, Briley fails to

3

allege that this footwear has caused him, or will cause him, any injury so serious as to require medical treatment. Because Briley's allegations do not show either defendants' deliberate indifference to his shoe problems or any serious harm the inadequate shoes have caused, he fails to state an Eighth Amendment claim about his shoes.[1] Accordingly, the court summarily dismisses his complaint without prejudice under § 1915A(b)(1) for failure to state a claim. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 5th day of October, 2012.

*/s/ James C. Turk*
Senior United States District Judge

---

[1] Briley also vaguely alleges an equal protection violation—that defendants treated him differently than other inmates when they failed to provide him with properly fitting shoes. Because Briley cannot show that he is similarly situated to other inmates whose shoe sizes fall among the standard range of shoes available for VDOC prisoners, he has no equal protection claim here. See Morrison v. Garraghty, 239 F.3d 648 (4th Cir. 2001) (finding equal protection claim requires showing that officials treated inmate differently than other, similarly situated inmates and that unequal treatment was result of intentional or purposeful discrimination).